# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**OSCAR TOWNER, #68275**                                                     **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO.1:03CV618-DMR-JMR**

**DOLAN WALLER, Warden; and**
**MIKE MOORE, Attorney General**                                             **RESPONDENTS**

## ORDER DISMISSING PETITION WITH PREJUDICE

BEFORE THE COURT is the Petition of Oscar Towner, #68275, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. And the Court, having carefully considered said motion, the petition, and the record before it, as well as the applicable case law, is of the opinion that the grounds sought in the petition are not well taken and the Petition should be dismissed on all grounds with prejudice.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The petitioner, Oscar Towner, is lawfully in the custody of F. Dwain Brewer, Warden of Stone County Regional Correctional Facility, at Wiggins, Mississippi, after being convicted of two counts of armed robbery in the Circuit Court of the First Judicial District of Harrison County, Mississippi. Subsequently, petitioner was sentenced by "Order" filed January 25, 2000, to a term of twenty (20) years on each count in the custody of the Mississippi Department of Corrections, said sentences to run concurrently. Exhibit A.[1]

Thereafter, the petitioner (through different counsel) appealed his judgment of conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

---

[1] Exhibits refer to those attached to the Answer of the Respondents, filed September 25, 2003 [Doc. No. 7], unless otherwise indicated.

A.  Prosecutorial misconduct by the prosecutor requires that the appellant's conviction be reversed and a new trial granted.

B.  The trial court erred in allowing the appellant's convictions to both counts of the indictment stand as they were multiplicious [sic].

C.  Appellant received ineffective assistance of counsel:

>   1.  For failure to timely request a mistrial based upon the prosecutor's alleged misconduct.
>
>   2.  For failure to renew his motion for a directed verdict at the end of trial.
>
>   3.  For overall deficient performance: (a) for acquiescence to Jury Instruction S-1; (b) for failure to object to leading questions on direct; and ( c) the State rested for the appellant.

D.  Insufficient evidence exists from which reasonable jurors could have found the appellant guilty of the charge of armed robbery.

E.  The trial court erred in not granting the motion appellant's motion for directed verdict or in the alternative a motion for a new trial.

On January 15, 2002, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion, a copy of which is attached as Exhibit B. *Towner v. State*, 812 So.2d 1109 (Miss. App. 2002), *reh'g denied* April 2, 2002 (Cause No. 2000-KA-00273-COA).

On October 17, 2002, Towner filed an "Application For Leave To File Motion For Post-Conviction Collateral Relief" in the Mississippi Supreme Court, raising the following issues:

> Ineffective assistance of trial counsel and appellate counsel for (1) failure to raise issue of trial counsel's failure to summon critical witnesses; (2) failure to adequately investigate before trial; (3) failure to maintain control of the case prior to trial and during trial where defense counsel delegated representation to her daughter who was new and inexperienced.

2

By "Order" filed April 10, 2003, the Mississippi Supreme Court determined the following: "After due consideration, the panel finds that Towner's claims of ineffective assistance of counsel at trial are procedurally barred pursuant to Miss. Code Ann. § 99-39-21(3) and fail to meet the standards required by *Strickland v. Washington*, 466 U.S. 668 (1984)." Further, as to appellate counsel, the Court held "that Towner's claims of ineffective assistance of counsel on appeal fail to meet the standards required by *Strickland*." *See* Exhibit C. The Court then denied petitioner's application.

## II. LEGAL ANALYSIS

A. Petition for Habeas Relief

A review of the federal habeas petition before the Court reflects that Petitioner Towner raises claims which have never been presented to the state's highest court in a procedurally proper manner; when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995). *See also Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule).

B. Petitioner's failure to properly present claims

The Respondents have submitted, and this Court agrees, that the four claims raised in the instant petition are procedurally barred pursuant to the such case law cite the Court to the holding in *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999), which found that state prisoners are required "to file petitions for discretionary review when that review is part of the ordinary appellate review

3

procedure in the State." *Id*. at 847; *see also Kessler v. Moore*, 2005 WL 1593940, *4, *5 (S. D. Miss).

The creation of the Mississippi Court of Appeals was found permissible under the Mississippi Constitution as an "inferior" court. *Marshall v. State*, 662 So.2d 556, 570-572 (Miss. 1995). The Mississippi Supreme Court has sole discretion over whether or not to review the intermediary Court of Appeal's decisions in any case it so desires. Appellants clearly have no right to review, but certainly have the right to seek review. *See Harris v. State*, 704 So.2d 1286, 1288 (Miss. 1997), *abrogated on other grounds*, 732 So.2d 187 (1999). Towner failed to file a petition for certiorari pursuant to M.R.A.P. 17 after the petition for rehearing was denied by the Mississippi Court of Appeals. As Towner did not preserve his right to seek discretionary review with the Mississippi Supreme Court by failing to petition for certiorari, he has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(c); *Richardson v. Procunier*, 762 So.2d 429 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Pursuant to *O'Sullivan*, it is the respondents' position that Towner failed to present his claims to the state supreme court in a petition for discretionary review which is required when that review is part of the State's ordinary appellate review procedure. *O'Sullivan v. Boerckel*, 526 U.S. at 847; *Kessler v. Moore* , 2005 WL 1593940, *4, *5 (S. D. Miss). "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2128, 150 L.Ed.2d 251 (2001)   *quoting O'Sullivan v. Boerckel*, 526 U.S. at 845. "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this

4

claim and provide any necessary relief." *Williams v. Taylor,* 529 U.S. 420, 437 (2000), *quoting O'Sullivan v. Boerckel*, 526 U.S. at 844. By failing to file a petition for a writ of certiorari, Towner has failed to give the state one full opportunity to resolve any constitutional issues as he failed to complete one round of the state's established appellate review process. *O'Sullivan,* 526 U.S. at 845. Illinois' two-tiered appellate review procedure analyzed in *O'Sullivan* is almost identical to the one now used in Mississippi with the Court of Appeals as described above.[2]

As such, Towner is foreclosed from presenting his claims in federal court unless he can show cause for and prejudice from his procedural default. *See Coleman*, 501 U.S. at 750, 111 S.Ct. 2546; *see also Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996) (citations omitted). Respondents submit that Towner cannot show "cause" under the "cause and prejudice" test necessary to allow this Court to reach the merits of his claims despite the procedural bar because no external impediment existed to prevent him from raising and discussing these claims as grounds for relief in state court. *See United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). Towner was not prevented in any way by the State from petitioning

---

[2] Respondents have noted that the *O'Sullivan* opinion did make clear that the Supreme Court's decision does not mandate exhaustion to those states that specifically provide that such a remedy [discretionary review] is unavailable. *O'Sullivan*, 526 U.S. at 847-48; *see also* Justice Souter's concurring opinion in *O'Sullivan*, 526 U.S. at 849-51. In other words, it made clear that the state courts were free to provide that the remedy is unavailable. *Id.* at 847. *O'Sullivan* further explained that the exhaustion doctrine turns upon an inquiry of what procedures are "available" under state law. *Id.*

Respondents submit that the Mississippi Supreme Court had an opportunity to state whether or not certiorari was necessary for exhaustion, but has yet to do so. *See Harris v. State,* 704 So.2d 1286, 1295 (Miss. 1997) (dissenting opinion), *abrogated on other grounds,* 732 So. 2d 187 (1999); since the Mississippi Supreme Court has not specifically provided that such a remedy is unavailable, the finding in *O'Sullivan* requiring exhaustion via discretionary review still stands. *See Kessler v. Moore*, 2005 WL 1593940, *4, *5 (S. D. Miss).

for certiorari.  Therefore, absent a showing of "cause," it is unnecessary for this Court to consider whether there is actual prejudice.  *Martin v. Maxey,* 98 F.3d 844, 849 (5th Cir. 1996).

Further, the failure of this Court to consider Towner's claims will not result in a "fundamental miscarriage of justice." *See Martin,* 98 F.3d at 849 (*citing Sawyer v. Whitley,* 505 U.S. 333 (1992)). The "fundamental miscarriage of justice" exception is even more circumscribed than the "cause and prejudice" exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)).  To establish the requisite probability that he was actually innocent, the petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted). Towner has presented no such evidence to establish that a fundamental miscarriage of justice will result if his claims are not considered on the merits.  Accordingly, respondents submit habeas relief cannot be granted with respect to the four stated grounds.

Accordingly, in seeking federal habeas relief under § 2254, Petitioner Towner was required to exhaust all claims in state court prior to requesting federal collateral relief.  *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  This includes discretionary review by a state supreme court following a decision of a state's court of appeals, as exists in Mississippi.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999); Petitioner had "the right under the law of the State to raise, by any available procedure the question presented."  28 U.S.C. § 2254©).  Towner did not seek  review of the decision of the Court of Appeals before the Mississippi Supreme Court an as such did not

exhaust his state remedies.  As such,  Towner is now procedurally barred from having the claims in the petition reviewed by this federal habeas corpus court pursuant to the holding in *O'Sullivan.* Furthermore, Towner cannot show cause for and prejudice from his procedural default nor has he presented proof that he is actually innocent under the fundamental miscarriage of justice exception.

      C.  Alternatively, claims reviewed on the merits

This Court also finds, that in any event and with exhaustion aside, the facts of the claims presented in Grounds One, Two, Three and Four were reviewed by the Mississippi Court of Appeals on direct appeal and were denied on the merits. As a result, under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214), and because these issues were decided on the merits,  habeas relief cannot be granted with respect to these grounds.  28 U.S.C. § 2254(d) and § 2254(e)(1).  28 U.S.C. § 2254(d) provides:

> (D)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Subsection (d)(1) applies to mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied* 117 S.Ct. 1114, 520 U.S. 1107, 137 L.Ed.2d 315 (1997). Subsection (d)(2) permits federal court relief only if the state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence.  *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997).  The claims raised are mixed

question of law and fact. Therefore, subsection (1) of § 2254(d) governs the claims and dictates that a federal court cannot grant habeas relief to the petitioner unless it determines that the state court's decision involved an unreasonable application of the law to the facts. The "unreasonable application" standard of review of a state court decision does not mean that a federal court may grant habeas relief based on its simple disagreement with the state court decision; this would amount to nothing more than a *de novo* review. *Drinkard*, 97 F.3d at 768; *see also Williams v. Cain*, 125 F.3d 269, 276-77 (5th Cir. 1997). Unless there is such an unreasonable application, there exists a presumption that state court factual findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000).

In *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court concluded that § 2254(d)(1) "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Id*. at 1523. In interpreting the clause "contrary to," the Court declared as follows:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.

*Id*. In construing the "unreasonable application" clause, the Court stated:

> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

8

*Id*. In other words, "a federal court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 120 S.Ct. at 1521 (emphasis added). This objective standard takes precedent over the heretofore subjective standard previously advocated pursuant to *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996) (the "all reasonable jurists" standard). The *Williams* Court pointed out that an unreasonable application of federal law is different from an incorrect application of federal law, and that Congress was careful to use the word "unreasonable" rather than "erroneous" or "incorrect." *Id.* at 1522. Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. *See also Ramdass v. Angelone,* 530 U.S. 156, 120 S.Ct. 2113 (2000); *Chambers v. Johnson*, 218 F.3d 360 (5th Cir. 2000); *Penry v. Johnson*, 215 F.3d 504, 507-09 (5th Cir. 2000); *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

In Ground One, Towner argues that it was error to allow convictions on both counts of the indictment because of multiplicity[3] problems. Towner was indicted on two counts of armed robbery, and each count charged that Towner took from both Jennifer Larson and Donna McMurtray the same $2,507.00 on the same date. Towner claims that since the property taken from each victim was the same property, there can be only one robbery. The Mississippi Court of Appeals reasoned otherwise, and discussed two pertinent issues – whether it is relevant if "the potential victim of a robbery has

---

[3] "Multiplicity is the 'practice of charging the commission of a single offense in several counts. This practice is prohibited because [a] single wrongful act cannot furnish basis for more than one criminal prosecution.' BLACK'S LAW DICTIONARY 1016 (6th ed. 1990)." *Towner v. State*, 812 So.2d at 1113.

9

ownership of the property taken" and whether "when the same property is by threat or violence taken from the presence and control of two different people, are there two robberies or only one?" *Towner v. State*, 812 So.2d at 1113-14. The Court found that the statutory definition of robbery in Miss. Code Ann. § 97-3-79 (Rev. 2000) helped to answer the first query.

> Every person who shall feloniously take or attempt to take from the person *or from the presence the personal property of another* and against his will be violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery.

(Emphasis added). Further, the Court determined that the phrase "from the presence" or "in the presence" was best described as: "'Presence' in this connection is not so much a matter of eyesight as it is one of proximity and control: the property taken in the robbery must be close enough to the victim and sufficiently under his control that, had the latter not been subjected to violence or intimidation by the robber, he could have prevented the taking. [4]" *Towner v. State*, 812 So.2d at 1113. The Court concluded that: "Therefore, if only one of these victims had been present during the robbery, it would not matter which one it was. Either could have been the victim of a robbery of this money." *Id*. at 1113-14.

As to the second question concerning this issue, the Court set forth the principle that "multiple prosecutions or consecutive sentences for different counts in an indictment are not permitted unless there is compliance with the principles protecting an accused from double jeopardy. U. S. CONST. AM. 5." *Id*. at 1114. The Court discussed the well-established test in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (whether there are two

---

[4] 2 Wayne R. Lafave, Austin W. Scott, Jr., Substantive Criminal Law 443, § 8.11(c) (1986).

offenses or only one is whether each provision requires proof of an additional fact which the other does not), and determined that under the "same element" test, there was no double jeopardy in Towner's case because there was a diverse element in each offense, namely a different victim. "One difference is enough." *Id*. at 1115. The Court concluded that there was no multiplicity error.

In Ground Two, Towner complains that there was prosecutorial misconduct in the cross-examination of Towner and Sylvia Jackson, his sister. Towner claims that the prosecutor asked questions of Towner and his sister that improperly inferred an inconsistency between Towner's courtroom testimony and a statement Towner's wife had given police. It was noted that such a statement was never introduced into evidence during trial. The disputed testimony is adequately set forth in Exhibit B, pp. 3-4 (*Towner v. State,* 812 So.2d at 1112-13). The Court first noted that no objection was ever made to these questions, and thus, the issue is normally barred from being presented for the first time on appeal. An exception exists, the Court stated, if the error fundamentally deprives a defendant of a fair trial, and the issue may be reviewed. *Id*. at 1112. However, the Court determined that there was "no actual misconduct even though the State ultimately was unable to complete its planned use of Sullivan's testimony." *Towner v. State*, 812 So.2d at 1113, ¶ 15. The Court further concluded that the "ambiguous line of questions asked these witnesses by the State" did not create an unfair prejudice to Towner and rejected the allegation of error. *Id*.

The standard for granting habeas relief due to prosecutorial misconduct is, "the narrow one of due process, and not the broad exercise of supervisory power." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). "For [Towner] to establish that his right to the due process of law has been violated he must show that the actions of the prosecutor so infected the trial with unfairness as to

11

make the resulting conviction a denial of due process." *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001).643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Dowthitt v. Johnson*, 230 F.3d 733 (5th Cir. 2000);  Towner's allegations  do not establish such a standard. *See also Donnelly v. DeChristoforo*, 416 U.S. 637.   Therefore, the Mississippi Court of Appeals's resolution of the issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

In Ground Three, Towner complains that he was denied effective assistance of counsel in six ways: (1) failure to request a mistrial concerning the prosecutorial misconduct; (2) failure to renew the motion for a directed verdict; (3) failure to object to Instruction S-1; (3) failure to object to the State's questions on direct examination; (5) the State rested for defense counsel; and (6) delegated representation of Towner at trial to daughter, allegedly an inexperienced attorney.[5]  In discussing this issue, the Mississippi Court of Appeals relied upon the decision in *Strickland v. Washington*, 466 U.S. 668,  104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and found that the claims of ineffective assistance of counsel did not meet the *Strickland* standard.  To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test set out

---

[5] This portion of Ground Three was found by the Mississippi Supreme Court on application for post-conviction relief to be procedurally barred pursuant to Miss. Code Ann. § 99-39-21(3) (*res judicata*).  However, this particular claim of ineffectiveness by trial counsel was not presented to the Mississippi Court of Appeals on direct appeal.  Therefore, respondents have submitted to this Court that the procedural bar that should have been applied is the bar stated in Miss. Code Ann. § 99-39-21(1) (the waiver bar). Regardless, since the Mississippi Supreme Court made no such finding, the claim will be categorized as being decided on the merits since the Court additionally found that Towner's claims "fail to meet the standards required by *Strickland v. Washington*, 466 U.S. 668 (1984)." *See* Exhibit C.

in *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance.  *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review).  A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim.  *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986).

In *Strickland*, the court explained that the defendant must make a showing that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable,"(*Strickland*, 466 U.S. at 687) and demonstrate a reasonable probability that but for counsel's errors, the results of the proceeding would have been different.  *Id*. at 694.  *See also Mayabb v. Johnson,* 168 F.3d 863, 869 (5th Cir. 1998); *Goodwin v. Johnson,* 132 F.3d 162, 170 (5th Cir. 1998).  A "reasonable probability" is one sufficient to undermine confidence in the outcome of the proceeding.  *Moawad v. Anderson, supra.*  An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.  *Summit v. Blackburn*, 795 F.2d 1237, 1242 (5th Cir. 1986).  A habeas corpus petitioner must affirmatively plead this resulting prejudice.  *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).  Further, respondents submit that even if there were errors, which is denied, such were not "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. at 687.  Towner has not shown "but for" counsel's alleged error the proceedings would have been different.  There was no lapse in professional performance as to meet either the deficiency prong or the prejudice prong[6] of *Strickland*, and the

---

[6] The Supreme Court revisited the prejudice prong of the standard, explaining that the proper analysis focused not simply on outcome determination but whether the result of the proceeding was rendered fundamentally unfair or unreliable.  *Lockhart v. Fretwell*, 506 U.S. 364,

Mississippi Court of Appeals was correct in determining that there was no merit to the claim of ineffective assistance of counsel.

After setting forth the *Strickland* standards, the Mississippi Court of Appeals in Towner's case stated the following:

> Towner identified several allegedly deficient acts by his attorney. However, Towner only asserts prejudice as to one such claim, namely, his counsel's failure to renew his motion for directed verdict at the end of trial. Since as we point out in the next issue, there was no insufficiency in the evidence, any such motion would properly have been denied. No prejudice occurred.

*Towner v. State*, 812 So.2d at 1115, ¶ 29.

Even though the appellate court did not discuss each of the separate claims of counsel's ineffectiveness, the record reflects that Towner's defense attorney was most effectual. As the Respondents submit, most of Towner's alleged errors can be answered as being simply based upon trial strategy. However, strategic choices are not the basis for an ineffectiveness claim.*Austin v. McCotter*, 764 F.2d 1142, 1145 (5th Cir. 1985). Towner's attorney presented a strong defense in this case by attempting to show that the robbery was done by a person other than her client. On cross-examination of the state's witnesses, on direct examination of Towner, and by objections throughout the trial, defense counsel hammered away at the evidence against her client, attempting to demonstrate that Towner was innocent of the charge. That this defense did not work is more a result of Towner's guilt than his attorney's ineffectiveness. "[A] court must indulge a strong

---

113 S.Ct. 838, 122 L.Ed.2d 180, 189 (1993). *See also Mayabb v. Johnson, supra; Armstead v. Scott*, 37 F.3d 202, 206-07 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071, 115 S.Ct. 1709 (1995). This holding narrowed somewhat the scope of ineffective assistance of counsel doctrine, and it further limited the availability of federal habeas relief. *Armstead*, 37 F.3d at 207; *U.S. v. Suarez*, 846 F.Supp. 892, 895 (D.C. Guam 1994); *see also Goodwin v. Johnson*, 132 F.3d at 176.

presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689.  It is thus clear that a petitioner shoulders a heavy burden to overcome a presumption of strategically motivated counsel conduct and to refute the premise that "an attorney's actions are strongly presumed to have fallen within the wide range of reasonable professional assistance." *Messer v. Kemp*, 760 F.2d 1080, 1090 (11th Cir. 1985).  In fact, even where a record is utterly silent with regard to strategy, a reviewing court will presume counsel's action or inaction to be the product of strategy.  *Stanley v. Zant*, 697 F.2d 955 (11th Cir. 1983).  The proper measure of performance by an attorney is reasonableness under prevailing professional norms.  *Strickland*, 466 U.S. at 688.  Counsel's trial strategy would not constitute deficient performance under *Strickland*. Therefore, the Mississippi Court of Appeal's resolution of the issue was not contrary to clearly established federal law, nor did it involve an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.

In his final claim, Ground Four, Towner argues that there was insufficient evidence to convict him of two counts of armed robbery.  Insufficiency of the evidence can support a claim for habeas relief only if the evidence, when viewed in the light most favorable to the State is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001); *Dupuy v. Cain*, 201 F.3d 582, 589 (5th Cir. 2000).  This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983).  The *Jackson* standard allows

15

the trier of fact to find the evidence sufficient to support a conviction, even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

After reviewing the appropriate legal standards concerning challenges to the sufficiency of the evidence, the Mississippi Court of Appeals referred to the summary of evidence already set forth, which was:

> Near midnight on November 15, 1998, one masked man committed a robbery at Toucan's restaurant, located in Gulfport. Both an employee and one of the owners would ultimately be confronted by the robber. Donna McMurtray was the employee. She testified that she was in the kitchen area when she first saw an intruder. He ordered her at gunpoint to come to where he was standing. He grabbed her throat and placed a gun to her head. The assailant threatened to kill her if she did not cooperate. While this was occurring, the restaurant's co-owner Jennifer Larson walked into the encounter. Larson was told to be quiet and open the office door.
>
> The man forced Larson and McMurtray into the office. There he demanded the money that was lying on the desk, the money in a register drawer, two money bags, a surveillance video tape, and the keys to the office door. Larson complied with all of these demands. The robber smashed the telephone and fax machine, then locked the two women in the office. Larson then used the cell phone in her purse to call the police.
>
> About $2,000 was taken. Both witnesses described the robber as a black male, with a bulky build, perhaps five feet, six inches tall, and wearing dark camouflage pants and a dark colored jacket.
>
> Terry Davis was an officer with the Gulfport Police Department who was on patrol the night of the robbery. He testified that he and a second patrolman heard the report of the robbery and decided to patrol the Turnkey subdivision to look for someone matching the robber's description. They saw a gray Nissan with two black males parked in front of an apartment. Officer Davis parked his patrol car and observed the driver of the vehicle walk up to an apartment door and start knocking in a frantic manner. Officer Davis exited his vehicle and ordered the man to come over to him. The man looked back at Davis but continued knocking on the door. He was wearing camouflage pants and a white t-shirt. Soon thereafter the other man who had been in the Nissan also walked up to the apartment door. David testified that this man was wearing a dark colored jacked and a pair of dark colored pants.

16

>Davis called the police dispatcher to say that he had two suspects who matched the physical description of the person who committed the Toucan robbery. When the two men at the apartment door heard Davis contact the dispatcher, both started running. Officer Davis pursued on foot. One of the suspects ran to the rear of a house in the subdivision. A search of this area revealed a person later identified as the defendant, Oscar Towner, hiding in a small building that contained a washer and dryer. Davis found Towner leaning against the wall of the building and sweating profusely. He had over $1,300 in his possession. A search of the interior of the building revealed money in a washing machine and in the general area where Towner was apprehended. Towner was then wearing a black tank top and dark colored pants. A subsequent search discovered the black jacket that Towner had been wearing when Officer Davis first saw him exiting the vehicle.

*Towner v. State,* 812 So.2d at 1111, ¶ 2, ¶ 3, ¶ 4, ¶ 5 and ¶ 6. The appellate court concluded, therefore, that there was nothing in the record to reverse the judgment based on the insufficiency of the evidence. *Id.*, ¶ 10.

The determination of the sufficiency of the evidence by a state appellate court is entitled to great deference. *Parker v. Procunier*, 763 F.2d 665, 666 (5th Cir.), *cert. denied* 474 U.S. 855 (1985); *Gibson v. Collins*, 947 F.2d 780 (5th Cir. 1991); *see also Callins v. Collins*, 998 F.2d 269 (5th Cir. 1993) ("where state appellate court has conducted a thorough review of the evidence . . . . it's determination is entitled to great deference."). Towner has presented nothing in this habeas proceeding to overcome the deference afforded to the state appellate court's decision, and as such he has failed to prove that the state court decision was an unreasonable application of law to the facts. *See Williams v. Taylor, supra.* Therefore, Towner is not entitled to relief based on his claims in Ground Four of the instant petition.

Section 2254(d) clearly mandates deference to state court decisions on claims adjudicated on the merits in the state court. Accordingly, because the facts of Grounds One, Two, Three and Four raised by Towner in his habeas petition were decided on the merits by the Mississippi Court

17

of Appeals, and because the state court's decision did not result in an unreasonable application of clearly established federal law, habeas relief cannot be granted with respect to these claims.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the relief sought in the Petition of Oscar Towner, seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254, be and is hereby **DENIED** and the instant Petition is hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED AND ADJUDGED** that as all the rights and liabilities as to all the parties have been resolved that a Final Judgment be entered in this cause.

**SO ORDERED AND ADJUDGED** this the    28th    day of August, 2006.


/S/   **DAN M. RUSSELL, JR.**
**UNITED STATES DISTRICT JUDGE**